**Robert REDLAND, Appellant
(Plaintiff below),
v.
Vernon RICE, Appellee (Defendant below).
No. 3759.**

Supreme Court of Wyoming.

June 27, 1969.

Dorsey Redland, San Francisco, Cal., Elmer J. Scott, of Scott & Joffe, Worland, for appellant.

Ernest J. Goppert, of Goppert & Fitzstephens, Cody, James H. Sperry, Worland, for appellee.

Before GRAY, C. J., and McINTYRE, PARKER and McEWAN, JJ.

PER CURIAM.

Appellee, Vernon Rice, on June 13, 1969, moved to dismiss the appeal of appellant, Robert Redland, because the record on appeal was not timely filed. The motion was accompanied by movant's brief or memorandum of authorities as required by Rule 6, Wyoming Supreme Court Rules.

Appellant has this day filed a purported motion for an order permitting the late filing of the record on appeal. He has not, however, complied with Rule 6, Wyoming Supreme Court Rules, as amended in 1961 and 1964, since the motion presented, even were it considered to be a response, was not filed within 10 days, was not filed in 5 copies, and was not supported by a memorandum of points and authorities.

Rule 73(g), W.R.C.P., provides the record on appeal shall be filed with the supreme court and the appeal there docketed within 60 days from the date of filing the notice of appeal. The district court for good cause shown is authorized to extend this time, if the order therefor is made before expiration of such 60 days. The rule expressly states, however, the district court shall *not* extend the time to a day more

than 90 days "from the date of filing the notice of the first appeal."

In this case there has been only one appeal. The notice of such appeal was filed August 14, 1968. Thus, the district court had authority to extend the time for filing and docketing the record on appeal to November 12, 1968, but not beyond that date. Any attempt of the district court to extend such time beyond November 12, 1968 would be void and of no force or effect.

The record indicates that on October 8, 1968, the district judge purported to extend time for filing the record in the supreme court for a period of 45 days. Again, on November 18, 1968, he purported to extend such time for an additional 40 days. The orders for the extensions are without force insofar as they undertake to grant time beyond November 12, 1968.

The record on appeal was not filed until December 9, 1968, which means it was not timely filed.

We notice the orders for extension recite that the court reporter was unable to complete the transcript of evidence within the time allowed for filing of the record. However, that would not excuse an appellant for failing to follow the procedure allowed in Rule 75(k), W.R.C.P., for filing a partial record and making a motion in the supreme court for an extension of time within which to complete the record.

This matter was fully discussed by us in Douglas Reservoirs Water Users Association v. Garst, Wyo., 451 P.2d 451, 453.

In the event it becomes necessary for the original record in any case to be kept in the district court, as appellant suggests in his proffered motion to permit a late filing of the record, there is ample authority in Rule 75(j), W.R.C.P., for the use of certified copies in lieu of the original papers. Also, this court has been liberal in allowing counsel involved in any case to withdraw records for necessary use in connection with an appeal.

Appeal dismissed.